

**FILED**

APR 2 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MORRIS J. PEAVEY, JR.**
**12315 NW 23RD AVENUE**
**MIAMI, FLORIDA 33167**
**1-305-688-0759**
**PLAINTIFF:**

CASE NUMBER  1:05CV00819

JUDGE: Richard W. Roberts

DECK TYPE: Civil Rights (non-employmen

DATE STAMP: 04/25/2005

JURY
ACTION

V

**DEFENDANTS:**

**ALBERTO GONZALEZ, U.S. ATTY. GENERAL**
**C/O GEN. COUNSEL STEVE MULLEINS**
**950 PENNSYLVANIA AVENUE SW**
**WASHINGTON, DC. 20530-0001**

**JIM NICHOLSON, SEC. OF VETERANS AFFAIRS**
**C/O OFFICE OF GEN. COUNSEL JIM MC CALIM**
**810 VERMONT AVENUE NW**
**WASHINGTON, DC  20420**

**DR. ALLEN WEINSTEIN, ARCHIVIST OF U.S.**
**RL HINDMAN, NATIONAL PERSONNEL RECORDS CENTER**
**C/O OFFICE OF GEN. COUNSEL GARY MY STERN**
**NATIONAL ARCHIEVES AND RECORDS ADMINISTRATION**
**8601 ADELPHI RD., RM. 300**
**COLLEGE PARK, MD  20740**

**JOHN SNOW, SEC. OF TREASURY**
**US DEPARTMENT OF TREASURY**
**C/O OFFICE OF GEN. COUNSEL**
**SUITE 510**
**740 15TH STREET, NW**
**WASHINGTON DC  20220**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA                    CV-

## Complaint for Declaratory and Injunctive Relief

### Plaintiff

- **Morris J. Peavey, Jr.** – Pro Se - is a citizen of the United States
- **Defendant** – United States of America

Morris J. Peavey, Jr. Plaintiff herein enters his complaint and cause of action against Defendants: Alberto Gonzalez, US Attorney General; Jim Nicholson, Secretary of the Department of Veterans Affairs; Dr. Allen Weinstein and RL Hindman, Archivist of the United States; and John Snow, Secretary of Treasury. Plaintiff has a cause of action before this court because he is a US Citizen and a practicing [Orthodox] Sufi Muslim and has a right to all constitutional protections under the 1st, 5th, 9th, 14th USCA and other statutory provisions. Plaintiff has been deprived of his rights to liberty and private property without due process of law and has suffered disparate treatment [i.e. religious impact discrimination] by various United States Government Agencies in that he has been denied equal treatment by the Department of Veteran's Affairs [VA] hence a denial of and taking of entitled benefits; VA destruction and or suppression of Army and VA medical records; EEOC refusal to prosecute his certified complaint of unlawful religious discrimination; EEOC action in concert with NY State and private defendants to deprive plaintiff of equal protection under the law and his rights to a fair trial; EEOC illegal destruction of federal documents and records in violation of 42 USC 2000e-5; National Personnel Records Center actions in concert with VA to destroy various US Army medical records; and actions of harassment by IRS and federal agencies. Plaintiff therefore request a Jury trial to try this complaint and causes of action.

### Jurisdiction

1. Jurisdiction of this action is based upon federal question jurisdiction and subject matter jurisdiction pursuant to Title 28, United States Code, Sections 28 U.S.C. §§ 1331, 1361, 2201, and 2202; the Due Process Clause of Art. IV of the United States Constitution; Equal Protection Clause 5th Amendment of the United States Constitution; Freedom of Religion Clause 1st Amendment of United States Constitution; Obstruction of Justice statutes **18 U.S.C. § 1503; Sarbanes-Oxley Act of 2002 [18 U.S.C. § 1512 and 18 U.S.C. § 1519]; and Freedom of Information Act 5 U.S.C. § 552.** This court has jurisdiction over Plaintiff's common law and constitutional claims, infra, and venue is proper pursuant to Title 28, United States Code Section 1391. The issue before this court is the violation of the Plaintiff's civil and human rights which he in entitled under the 1st, 5th, 9th and 14th Amendments, and other federal rights pursuant to Title 42 U. S. C. § 1983, 1985, 1988 and Tort Claims which raises federal questions and constitutional issues regarding the substantial abuse of process by Federal Agencies acting under color of law to deprive the Plaintiff of his right to property and causing him injury and threatening his life.

# Federal Questions and Jurisdiction

2.   The Plaintiff challenge the constitutionality of 38 U.S.C. 211 (a), to decide the legal issues in this case because it conflicts with the constructs of U.S.C.A 1st, 5th, 9th, and14th and subjugate and abridge Plaintiff rights and privileges which he would otherwise enjoy under the constitutional laws. The Plaintiff insists that the acts of the defendants are pervasive and of such an offensive nature that they gall the conscience of the prudent man and cannot be left in the hands of the perpetrators expecting a remedy. The Plaintiff petition this court for a findings of facts and laws and issuance of declaratory decision(s), and as a result of those decisions, issuance of declaratory and injunctive relief in order to fashion a remedy based upon the courts findings of fact and law which will comply with the spirit of the constitutional law and the right of the Plaintiff to be made whole from the injuries which he has suffered.

3.   The Plaintiff understands that the present acts of the Department of Veterans affairs is couched behind the administrative provisions of 38 U.S.C. 211 (a), instructing that VA benefit decisions be reviewed by the Board of Veterans Appeals and that all such matters related to the administrative application of VA laws rest with that body's judicial review process. However, that body has refused to docket the plaintiff appeal filed October 27, 2003 and remand the matter to the Regional Office soliciting instructions from the Plaintiff and have remanded without docketing the appeal filed by the plaintiff on June 16, 2004. The Department of Veterans Affairs Office of Case management notified the Plaintiff that Department of Veterans Affairs did not have jurisdiction over the constitutional questions raised in his appeal nor did they have jurisdiction over matters of falsification, alteration, and destruction of records which he referred to the Department of Justice.

4.   The Plaintiff brings this action, in part, to resolve these questions.   1) Do administrative laws of the Department of Veterans Affairs trump constitutionally guaranteed rights and privileges of the citizen?   2) In this case where the actions of the Department of Veterans Affairs use false information to deny the Plaintiff entitled benefits and the Plaintiff is forces to take unsuitable employment and suffer non-service connected injury, does this "taking" without due process fall under the purview of the Federal District Court.   3) In this case where the plaintiff has suffer from a pattern of disparate treatment and Federal agencies have boasted of the destruction of federal documents and records in violation of statutes punishable under federal laws does the Federal District Court have subject matter jurisdiction? 4) In this case where the Plaintiff has suffered injuries to his person while serving in the US Military and the Department of Veterans Affairs has cited medical records as being normal in their finding of facts do the plaintiff have a right to these records under 5 USC § 552? 5) If the plaintiff has made a request for records under 5 USC § 552 repeatedly for approximately two years does the federal district court have subject matter jurisdiction to order the release of such records? 6) In this case where the defendants has abused the process and intentionally conspired with other federal agents to deprive the plaintiff of his rights causing the plaintiff non-service connected injuries, do the plaintiff have a right to be made whole for the injuries he suffered.

5. This court has the power to grant relief to the plaintiff for the injuries which he has and continue to suffer.

  a. Plaintiff respectfully request relief under Title 28 U.S.C. §2202;

  b. Plaintiff respectfully request relief on his substantive federal civil rights claims under Title 42 U.S.C. §1983;§1985; §1988

  c. Plaintiff respectfully request for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure;

  d. Plaintiff respectfully request expedited consideration of the claims herein under 28 U.S.C. §1657.


### III. PARTIES

6. Plaintiff, Morris J. Peavey, Jr., is a citizen of the United States and a resident of the State of Florida and a member of a protected group in that he is an Orthodox Muslim and of African-American descent.

7. Defendant United States of America is a sovereign governmental entity existing under the laws and the Constitution of the United States of America. Specifically named federal agencies are defendants in this complaint:

  a. The Department of Veterans Affairs

  b. The US Department of Justice

  c. The US Department of Treasury Internal Revenue Service

  d. The US Department of Personnel Records Center

  e. Secretary of the US Army

These agencies derive their powers through legislative enactment and statues. They function as administrators of Federal regulations necessary to affect the business of government related to accessing and collecting taxes, enforcing federal statues, administering laws related to veteran benefits and archiving military personnel records of citizens after an expired term of service. These agencies abuses of their powers have over reached the constitutional boundaries and have created a gatekeeper culture in the Department of Veterans Affairs, which deprived the plaintiff of his rights to Due Process and Equal Protections under the Law. The herein named Federal Agencies have engaged in a pattern of abuses, which have led to the filing of the instant action.

## IV. CONSTITUTIONAL STANDARDS OF LIBERTY

8. The <u>First Amendment</u> to the United States Constitution, states:

*Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and <u>to petition the Government for a redress of grievances.</u>*

9. The <u>Fifth Amendment</u> to the United States Constitution, states:

*"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, <u>nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.</u>"*

10. The <u>Ninth Amendment</u> to the United States Constitution, states:

*The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.*

11. The <u>Fourteenth Amendment</u> to the United States Constitution, Section 1, states:

*"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

12. The government of the United States has declared, and it is well-established common law that an individual has a fundamental right to protect his person. This protection of self imply ownership rights in ones own person and set-aside the misguided construction of the 3/5 provision of the US Constitution and the findings of the US Supreme Court in Dred Scott V. Sanford allotting property rights in a person to be controlled by another. The right to protect ones health and well being without government interference is, indeed, one of the most fundamental of all individual rights.

13. Before a state or any governmental agency can deprive a person of his life or liberty, it must ensure that ALL of the rights of the individual established under the Constitution have been protected. The right to a person's good health and being is as fundamental as the right to life itself or any other liberty interest, and is entitled to at least as great a level of protection from

governmental interference with his good health and being as any other cherished right under the constitution.

14.                    states, in pertinent part:

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .*

15. Army Regulations 40-501 Standards of Fitness Chapters 2,3,4,7 were violated by keeping the plaintiff in the military when he was beyond the standards of physical fitness to serve and he was subsequently released and barred from serving while being held in the inactive reserves.

## V. ALLEGATIONS OF FACTS

16. Plaintiff Morris J. Peavey, Jr. is a citizen of the United States and a resident of the State of Florida and a member of a protected group in that he is an Orthodox Muslim and of African-American descent [6]. He is a citizen by birth and according to the US Constitution he has substantial rights and protections:

17. Under the 5th and 14th amendments to the US Constitution plaintiff has the rights to life, liberty, and private property, and cannot be deprived of these rights without due process of law; nor shall private property be taken for public use, without just compensation.

18. Under 9th amendment to the US Constitution the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

19. Under the 1st Amendment to the United States Constitution plaintiff has the right to the free exercise of his religion, freedom of speech, and the right to petition the Government for a redress of grievances.

20. Under the Common Law the plaintiff has natural and eminent rights which are considered by the US Constitution to be inalienable and counted among those certain rights of the people which include basic human rights, tort claims, the right to choose a career, the right to create wealth and share it, the right to raise a family, the right to protect his health and well being.

21. In Part the Fourteenth Amendment to the US Constitution States:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

6

22. The plaintiff through his affidavit and upon the records of the Department of Veterans Administration, records of the US Department of Justice, records of the United States Army and Department of the Treasury and federal documents everywhere and herein related has established the following facts:

23. The Plaintiff in this case is a 59 year old Vietnam era service connected Veteran presently rated with 70% service connected disability 60% hypertensive cardiovascular and 10% lower back injury and receiving payment at a rate of 60% [Affidavit-123].

24. Plaintiff bring this case stating that the Department of Veterans Affairs [VA] provided erroneous and false statements that they received a statement of his death on or about March 1, 2001 to discontinue his entitled service connected benefits [affidavit-78].

25. Plaintiff gave VA proper notices that he was alive and VA refused to restore his entitled disability benefits for the period from March 1, 2001 through July 26, 2001. This action was a "taking" and pretext to cover VA harassment, disparate treatments, abuses of process and violations of plaintiff civil and human rights [Affidavit-79]

26. On August 17, 2002, thirteen months after VA had restored plaintiff benefits, VA sent him a notice of an alleged over payment. They indicated that they had over paid plaintiff two months benefits amounting to $1,538.00 [fifteen hundred and thirty-eight dollars [Affidavit – 83].

27. Plaintiff informed the VA that he had been injured as a result of its discontinuance of his svc disability benefits the period between March 1, 2001 and July 26, 2001 [Affidavit -84].

28. On September 10, 2002, plaintiff notified VA that he believed that the discontinuance of his entitled svc disability benefits [3/1/2001-7/26/2001] was a taking and abuse of due process. Again, plaintiff notified the VA that he had been injured as a result of the taking [illegal discontinuance] of his benefits [Affidavit -85].

29. On 9/10/02, plaintiff requested a waiver of alleged overpayments due to medical hardship. At the time plaintiff suffered from a svc disability which required him to maintain an environment free of stress and maintain a proper diet and proper nutritional balance and medical treatments [Affidavit-86].

30. On October 31, 2002 VA denied the request for waiver and plaintiff requested information from the VA file showing that they had actually received a notice of his death to support their allegations. These request were made April 7, 2001; July 31, 2001; September 10, 2002 [FOIA]; December 20, 2002 [FOIA]; March 20, 2003 [FOIA]; All dates inclusive but not exclusive of request made on other dates which are not herein noted [Affidavit -87].

31. On August 1, 2003 VA provided its statement admitting that VA had no information in their files to support their allegations that they received a credible notice of plaintiff's death [Affidavit-90].

32.   The acts of taking the plaintiff entitled benefits by the defendants, VA, in this case violated plaintiff constitutional right to due process and equal protections under law they are a part of a series of acts by federal agencies engaging in acts of taking, abuse of process and destruction of federal documents, and continuing religious discrimination which have been practiced against the plaintiff by federal agencies for a long period of time [affidavit (7, 14-15, 22-25, 44-45, 57-58, 61)].

33.   The period from May 1, 2003 through June 30, 2003 VA again discontinued plaintiff's svc disability benefits alleging that it was recovering an overpayment of two months benefits in the amount of $ 1,538.00 [Affidavit-94].

34.   VA actions of discontinuing plaintiff svc disability benefits during this period ignored his request for hardship consideration which he submitted to the VA on March 22, 2003 and April 7, 2003 [Affidavit-95].

35.   VA never acknowledged receipt of plaintiff request for hardship considerations nor did they provide the relief requested.   Their actions of again discontinuing plaintiff's benefits were harassing and his attempt to communicate was complicated by VA affairs indicating that he was not a disable veteran and had never received any benefits [Affidavit -96].

36.   The VA actions taking plaintiff benefits deprived him of his primary source of income and force him to take employment which was beyond his physical capacity and caused him additional physical injury.   The taking also placed him in a homeless situation; further aggravated his chronic heart condition; and caused him a groin pull and grotesque hydrocele [Affidavit (96-101].

37.   The VA actions of taking plaintiff benefits caused him extensive aggravations, stress, legal actions and complaints to US Congress to force the VA to restore his benefits and admit their claim of receiving a notice of his death was erroneous. These admissions by VA indicated that the actions of VA were an abuse of process which has been costly and injurious to plaintiff's health and well-being.  These actions have also been life threatening and with total disregard for the plaintiff's rights to equal protection under the law [Affidavit 109-111].

38.   The Department of Veterans Affairs has suppressed records, provided erroneous and otherwise false reports, altered federal documentations and government records related to medical examinations and medical findings, acquired and suppressed Military Medical records, denied [FOIA] request for copies of authentic records of treatments, findings and medical certifications of the plaintiff disabilities [Affidavit (115-118)].

39.   The act of the Department of Veterans Affairs to obtain US Army records is an act in concert with the National Personnel Records Center to alter, suppress, and or destroy the historical nature of the plaintiff present service connected disability to wit:

40.   Plaintiff is a disable veteran who declares that he has a right to health and well being among and including all of the rights enumerated and has pursued these rights by first being a good citizen, and career soldier in the US Army [Affidavit-5].

41. Plaintiff was in excellent health. [Affidavit-3] He had excellent conduct and efficiency ratings and had risen to the rank of E/4 within two years without a blot on his record when he was struck in the back by an automobile and was injured [Affidavit-7].

42. The plaintiff had legal right to be compensated for his injuries. However being a soldier in the US Military he was precluded from pursuing a remedy because of the negligence of the officers in charge, actions of the military and presently because of the Veterans Affairs abuse of process. [ Affidavit-(10-11)].

43. The plaintiff had a right to a proper medical evaluation to determine his fitness for further service after the accident under AR 40-501.

44. Plaintiff was examined by Womack Army hospital and treated in his unit dispensary and found that he suffered trauma [Affidavit -8] rendering him medically unfit for military duty according to AR 40-501 par. 4-15 (b) EKG showing flat-t LVH; 4-15 (C) heart murmur; 4-15 (e) narrowing of arteries 4-15 (i) diastolic B/P 110+; 4-25 back pain with objective findings narrowing of pelvic urethral junction and double bladder. Plaintiff received medical profiles, which were subsequently violated, and he was denied proper medical treatment so he went AWOL [Affidavit-13].

45. Plaintiff was assault while he continued to seek medical treatment and the army harassed him with K.P. [Affidavit (18-19)]. The Army insisted that plaintiff was suited for full duty April 4, 1967 while holding that he was unsuitable for further service effective January 30, 1967. [Affidavit-17]

46. Plaintiff was subjected to an assault and battery by approximately 13 persons by order of an NCO. [Affidavit (20-23)] Plaintiff was placed under armed guard from April 4, 1967 until court martial June 16, 1967. Two AR-15 were entered into plaintiff record while he was under guard awaiting court martial [Affidavit (18, 25)] these action violated protections, which the plaintiff was entitled to under the Uniform Code of Military Justice AR-10; AR-11; AR 13.

47. To cover their neglect and violations of Plaintiff right the US Army altered and changed plaintiff military records by recording two AR-15 to plaintiff's DA 201 and personnel record and distorted plaintiff conduct and efficient records to support the certificate of unsuitability under AR 635-200. These AR-15 violated plaintiff's rights while being held and waiting for a Special Court Martial [Affidavit-17].

48. The Army admits that Plaintiff had complained about being assaulted and was defending himself against a squad of men then taken into custody by the MP Affidavit (22-26)]. Plaintiff was again denied the right to a MEB, which he had under AR 40-501 par. 3-3 and 3-3(b). No record of his medical condition was entered into the court martial record and the very fact that he was attacked and his health records taken and he was let go was suppressed in the second court martial. Plaintiff was found not guilt of all charges and specifications and released because of his expired term of service. He was barred from further enlistment pursuant to AR 635-200 but held in the inactive reserves for the convenience of the Government [Affidavit-30].

49. Plaintiff Army medical records indicated that he was hospitalized at Womack Army Hospital on two occasions. One was for treatment of Pneumonia and the other was in September 66 after the automobile injuries which show trauma [ a diastolic blood pressure over 110 mm, abnormality of the pelvic-urethral junction, aberrant [double] balder, narrowing of arteries, heart murmur, persistent back pains for which he was given two light duty profiles among other certificates of disability prior to release from the US Military [Affidavit (8-9)].

50. Early VA Records show that plaintiff suffered from Hypertensive Heart Disease and a lower back injury upon examination by the VA [9/18/67] six weeks after his release from active military duty. These records cite the SR's reflecting the automobile accident. A Blood pressure reading of 130/80 was recorded at induction. The separation exam showed a blood pressure reading of 140/110. Cited VA exam on 9/18/67 showed blood pressure readings 170/110; 200/140; 200/120. EKG revealed flat T-waves in AVL. Diagnosis of Hypertensive Cardiovascular Disease was established. ---Cited VA orthopedic exam shows, "range of motion of spine is free, full, unrestricted and pulls in all directions except in forward flexion. The extreme of forward flexion produces pain and recovery to the direct in somewhat irregular. There is some mild spasm of the para-vertebral musculature in the lumbar area. There is some pain elicited on hard percussion over spinous processes of the Lumbar Vertebrates---diagnosis Lumbosacral Strain, Mild." Compensation Rating 30% Hypertensive Heart Disease and 10% Lumbosacral strain [Affidavit – 31].

51. VA Hospital Report [rating decision] August 8, 1968, show that plaintiff was hospitalized during the period January 26, 1968 through March 4, 1968 with chief complaints of chest-pains one year intermittent, shortness of breath when the pain struck. Blood Pressure reading on admission 150/110 and loud [murmur]m-1, A-2 and greater P-2. Diagnosis was essential hypertension with note: "The hospital diagnosis of essential hypertension is another description for the veteran's SC'd hypertensive heart disease. Rating went from 30% heart to 100% from January 1, 1968 thru April 1, 1968 back to 30% for hypertensive heart disease. Lumbosacral Strain remained 10% [Affidavit-32].

52. Early VA records show that plaintiff underwent Ch. 31 Rehabilitation and training from 1968 through October 1976. He obtained the Bachelor Degree in accounting and economics with honor from Rutgers University October 1, 1976 [Affidavit-42].

53. Plaintiff became a practicing Orthodox Muslim 1971. Plaintiff turned his attention more to providing for his family as best he could and focus on completing the VA Re-hab program [Affidavit – 36].

54. Plaintiff suffered an unfair evaluation by VA in 1972 because it didn't reflect his true medical condition and because it diminished his disability rating to 10% before he was fully rehabilitated to sedentary employment. Plaintiff completed the VA Re-habilitation in 1976; and work full time 1977-1982 with flexible time schedules [Affidavit-42].

55. 1982 he suffered religious discrimination in employment by a private entity [affidavit-43]. He filed an EEOC complaint [Affidavit-45] 1983 he assisted Mamie A. Horne in a complaint of sex and race discrimination against DOJ-DEA [Affidavit-44].

56.   IRS and EEOC practiced harassment against plaintiff since 1983.   Plaintiff worked in accounting and Business related professions from the period 1976 thru 1984.   He had also established a self/employed status and acquired the MBA with emphasis in Federal Taxation until he filed the complaint of religious discrimination against Polytechnic University of NY in 1982.   The harassment, which caused him to leave his business practices [Affidavit (44-46)]:

57.   Plaintiff suffered harassment and abuse of process from EEOC [Affidavit (45-46)] in that the EEOC complaint was deferred to NY State Agency who found discrimination. Private attorneys, the state attorney and Plaintiff's Attorney act to overturn a default judgment, which was favorable for plaintiff.   Then they acted to transfer proceeding on STIP without hearing on the default; and acted to create tactical delays.   The parties were acting under color of state law. EEOC acted in concert by not providing Plaintiff with the right to Sue for eight years. For eight years EEOC refuse to prosecute.

58.   Acts by federal and NJ State agencies mirror Department of Veterans Affairs' pattern of abuse of process and total disregard plaintiff's right to equal protection under the Law [Affidavit (43-47)].

59.   NJ State Human Resources Agencies and IRS harass employers of the plaintiff by revoking licenses, taking assets, placing liens on assets, thereby causing the business to suffer from a serious cash flow problem.   The limited funds cause the businesses to cutback on their employment and let plaintiff go in 1984 and 1990.

60.   Plaintiff was harassment by the IRS during this period from 1983 through 2001.   IRS harassed a number of the plaintiff's clients with unwarranted audits and it became clear that they were being targeted because they were his clients.   The IRS also filed a claim against plaintiff claiming that he owed them an excess of $8,000 in back taxes.   IRS also consistently refused to respect plaintiff's representations of clients and even threaten to destroy files and records if they continue to refer information to plaintiff for a response to IRS claims.

61.   Plaintiff's EEOC complaint against Polytechnic University of NY for religious discrimination December 12, 1982 under case number EEOC 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 was deferred to New York Division of Human Rights who investigated and found probably cause 1984. Ultimately an administrative hearing was held and Polytechnic was found to have practiced unlawful religious discrimination against plaintiff. During the process of the case federal agents contacted plaintiff attorney Leonard N. Flamm who indicated that they told him that plaintiff was involved in a scheme with Mamie A. Horne to defraud the US Government.   Attorney Flamm acted with the state of NY and the Defendants to bar plaintiff's right to federal prosecution.   The EEOC destroyed their files during the federal De-novo hearing. EEOC actions related to this claim of a pattern of complicity and violation of plaintiff's right to equal protection under the law [Affidavit – 45].

62.   The adverse actions of the Federal Agencies caused injury to plaintiff business and economic and social position. These acts also destroyed economic investment which plaintiff had

in a suitable career. They also caused plaintiff injury to his health and well-being, pain and suffering and mental anguish.

63. The IRS actions against J&R AC and Heating Appliance Co. Inc. were co-ordinate with the adverse actions of EEOC and the abusive process. During this period when plaintiff was attempting to return to employment closed to his educational training and skills [1989-1992], he was being effectively harassed by government agencies. The actions of IRS seizing the bank account of J&R AC and Heating Appliance Co. Inc. forced the company to lay plaintiff off and he returned to Migrant farm labor during 1991 [Affidavit-47].

64. All citizens of the United States are entitled to Equal Opportunities in education, employment and housing under the collective right of the US constitution and the various statutes against unlawful discrimination.

65. Plaintiff again suffered injury resulting from EEOC failure to prosecute. He suffered emotional distress and other lost related to resending vows which were sincerely held He lost a position which had free tuitions for his family; He lost gainful employment; He had a right to be made whole for the injuries which he had suffered but the EEOC acted in conjunction with the conspirators to bar his de-novo proceeding which he pursued in US District Court EDNY CV 90-1174.

53. The facts of CV 90 1174 clearly shows a violation of plaintiff rights to procedural due process which exist under The Fourteenth Amendment to the United States Constitution. The concerted acts of federal agents 1990 forced plaintiff to again give up suitable employment.

54. Plaintiff had seven years experience in finance and accounting; a successful bunnies and was forced to accept employment in PA as a migrant laborer [Affidavit-48]. He began experiencing swelling in my hands 1991 and was forced to quit strenuous physical labor, which aggravated signs of heart failure [Affidavit-49].

55. Plaintiff worked as a carpenter and plumbing helper in 1992 and was forced into a homeless situation where his family provided him assistance. 1993 he filed for increased VA disability [Affidavit-50].

56. In 1993 Plaintiff went to the VA after suffering an injury to my left hand from a saw. He subsequently filed for increase disability and was examined September 1993 by the Veterans Hospital Miami [Affidavit-51]. VA examination and findings showed that he suffered heart disease [Affidavit-52]. The VA record supported the chronic nature of the heart disease and long term back injury [Affidavit-53].

57. 1993-1995 VA abused the process and introduced an element of harassment denying that plaintiff had a medical disability, denying that it was service connected, denying that plaintiff had received treatment from the VA. VA knowingly and deliberately denied plaintiff rights to entitlements 1993 thru 1995. VA distorted and suppressed medical records and improperly presented the objective reporting of medical records. The VA destroyed suppressed, and or

altered records in an attempt to support their allegations that plaintiff's claims for increase benefits were unfounded because VA had not treated him. They continue to suppress the records of hospitalization in the VA hospital at 800 Poly Place, Brooklyn NY 1/26/68-3/4/68 [Affidavit (53-60)].

58. Plaintiff complained to US Congress Veterans Affairs Committee and plaintiff was awarded 60% svc connection for hypertensive heart disease. The 10% for lower back strain remained in effect but was no longer compensated. The re-evaluation supported insipid heart failure from August 1994 but attempted to obscure the records from 1993 and previous medical record showing the chronic nature of plaintiff medical condition or the nature of its onset and discovery [Affidavit-68].

59. The VA failed to other wise protect the integrity of the VA Medical procedure by ordering C&P examinations and altering plaintiff's subjective complaints and objective finding which pointed to a chronic heart disease to show them as essential hypertension; by refusing plaintiff proper diagnosis and treat those injuries which he suffered while in the US Military; by inadequately compensating plaintiff for injuries which he sustained in US Military service; by subjecting plaintiff to life threatening harassment and takings.

60. The VA acts of harassment, takings, and abusive processes create undue stress and are life-threatening. The acts of taking plaintiff benefits further injured him and totally diminished his ability to be gainful employed. These actions have also severely limited all of his efforts at self-employment and destroyed his ability related to employment in construction and related business activities. They have not only placed him in a life-threatening situation [causing him to suffered CHF 1993-1996 and 2003] and have made it almost impossible for him to utilize VA treatment facilities [Affidavit (61-67)].

61. The adverse acts of the VA has limited and destroyed various rehabilitations, trainings and self-employment activities which plaintiff was attempting to create since 1999 – 2000 [Affidavit -74].

62. The adverse actions of the VA continue to abuse and violate of plaintiff's rights to equal protection under the Law. The present acts totally disregard plaintiff rights under 5 USC §552 Freedom of Information Act; USCA 14th Right to Due Process and Equal protection; USCA 1st and 5th Rights related to freedom of speech, religion, and the right to petition the Government to redress wrongs and to be made whole for injuries resulting from the government taking property.

63. Plaintiff submitted an FOIA request for authentic copies of US Military Medical records and Early VA medical records. These FOIA request have been consistently refused or suppressed.

64. On or about April 7, 2003 plaintiff submitted Standard form 180 requests pertaining to military records to the National Personnel Records Center [NPRC] requesting. "All disciplinary actions to included Art. 15 and US Court Martial; All medical records to include medical treatment in Unit Dispensaries and two admissions to Womack Army Hospital 1966" NPRC responded April 25, 2003 indicating " The medical records has been loaned to the Department

of Veterans Affairs (VA). We suggest that you contact the nearest VA Regional Office to obtain copies of the records." [Affidavit (114-115)].

65. Plaintiff requested a records' control audit and accounting for the Military Medical records which were transferred to the VA. The NPRC responded October 13, 2003 changing their claim about the records being on loan to the VA and indicating, "Your Medical Records were sent to the VA on August 31, 2001—copies are never sent to the VA only originals records. The VA is sent every page of a medical record and after receipt they will maintain control of those records." On November 3, 2003, plaintiff requested that the NPRC provide the identity of the VARO, which requested the Army Medical Records. To this date, this information has not been provided. See Tab-2 Exhibits 18-20 [affidavit (114-117)].

66. Plaintiff subsequently requested copies of the Military Medical Records from the VA and VA provided some records and suppression various specific medical reports following the practice of providing type copies of records and denying the existence of older records which referred to military medical records. Plaintiff FOIA request to Department of Veterans Affairs, New York Medical Center Brooklyn for copies of [1-26-68—3-4-68] hospitalization has been denied altogether [Affidavit-117].

67. The VA presently refuses to provide various reports related to IVP and renal-grams, which were completed by the Army Hospital and the Brooklyn VAH. These medical records show plaintiff suffered trauma from September 17, 966 accident and establish a historical record of hypertensive heart disease. [Affidavit (116-119)].

68. The plaintiff complained to the US congress [Affidavit (53-54)]. VA began altering, destroying historical records and confiscated ID card 23-448-613. VA denied plaintiff ever received disability [Affidavit-55]. US congress investigated and VA re-examine plaintiff [Affidavit-56]. VA placed false reports in plaintiff's file to distort the chronic nature of plaintiff heart disease [Affidavit-57]. The insertion of Dr. Kopha's report dated 9/5/95 was a fraud and misrepresentation with intent to deceive. [Affidavit (60-61)].

69. On or about October 28, 2003 plaintiff filed a complaint with the Board of Veterans Appeal and provided factual evidence that the VA acts of March 1, 2001 and May 2, 2003 were abuses of process and a takings. Plaintiff provided information which supported the fact that VA never received a creditable notice of his death but was using false allegations as a ruse and pretext under color of law to conceal their acts in violation to his rights and entitlement to proper and timely payments in compensation to for his svc disability. Plaintiff provided medical information, which shows that he was injured by the illegal taking. Plaintiff is continually being injured by the abuse of process because he has been foreclosed from proper treatment and compensation by the adverse actions of VA and the willingness of federal agents to create an adversarial process, which threaten his health rather than serve to provide proper care for his health and welfare. Plaintiff provided information, which supports the fact that VARO 317 had engaged in suppression and distortion of VA medical records. The BVA complaint was returned to VARO 317 without any notice being given to the plaintiff [Affidavit -133].

70. Plaintiff contacted BVA and requested a docket number and statement about his attorney's appearance and filing fee arrangements. Plaintiff was informed by BVA that the file had not been docketed and that it was sent to VARO 317 and that he should get in touch with the service center manager at VARO 317.   All of the mail related to these accounts was mailed requesting a proof of receipt. Plaintiff complied with the BVA instruction but the person at the VARO 317 is the same person named in complaint related to record suppression, distortion and or alteration. Yet plaintiff sent the information to the Service Center manager, CB Gibbard, and he did not acknowledge the receipt of the filed information. Plaintiff is foreclosed from the proper evaluation of his disability and has no confidence that any of the actions taken by the VA is in the interest of his health and well-being [Affidavit-134].

71. Plaintiff filed further complaints with BVA and the US Department of Justice and they were returned to the Department of Veterans Affairs.  Plaintiff was instructed to contact the service center manager. Plaintiff followed the BVA instructions and tried to determine the status of the complaint.  The service center manager sent me a letter indicating that information about the status was attached but plaintiff didn't see any such information [Affidavit-135].

72. The US Army Board of corrections is enjoined in this suit because it has not provided the proper investigation to correct the plaintiff military records. The records, which were placed in the plaintiff DA 201 file can be verified or refuted, based upon contradictory accounts of legitimate orders [Affidavit -35].

73. The US Army Board of corrections according to the concept of best evidence must give more weight to the orders and supporting facts than to allegations of individuals with animus who perpetrated an assaulted the plaintiff, subjected him to unlawful incarceration, and violated his right and privileges under AR 40-501 and ordered an undesirable discharge to cover the injuries which they had subjected the plaintiff.

## VI DISPOSITION OF THE LAW

75. THIS case is brought by the plaintiff who is a citizen of the United States by birth and asserts rights under the first, fifth, ninth, and fourteenth amendments to the US Constitution. The plaintiff is also a member of a protected class of Orthodox Muslim and assert his rights under Title VII of the Civil Rights Act of 1967 as amended, 42 USC § 1982; 1983 and all right to be made whole when injured in him rights to life, liberty and happiness. The plaintiff also assert that his rights to equal protection and due process under the Fifth Amendment to protect him and he has rights under 42 USC § 2000e-5, 42 USC § 1981(a); 18 USC § 1001; 18 USC § 1505 enforcement proceeding for civil rights violations and obstruction of justice.

76. The Defendant VA acted to violate plaintiff 5th Amendment rights by using a ruse to delay and denying plaintiff to which he was entitled on two occasions. To affect the ruse the VA provided false information to the Plaintiff and members of his family while other veterans deemed entitled were paid monthly benefits. VA ignored information which sustained the fact that plaintiff was not dead and refused payment for more than four months after receiving proof that he was in fact still alive.   These willful acts refusing to respect plaintiff right to be

compensated at the rate related to the degree of his medical disability, created undue hardship, caused him additional physical injury and placed a near homeless existence since 1993.

77.   The VA practiced a pattern of abuse of process [1972; 1993-1995; 2001-pressent] and disparate impact discrimination which serve to deny plaintiff rights to various medical records and medical reports generated during periods of hospitalization. VA suppression of these early army and veterans medical records is a part of the VA present attempt to distort and deny the historical nature of plaintiff present medical disability. It is an attempt to cover-up the abuses of plaintiff's rights which he should have enjoyed under AR 40-501 and UCMJ while in the military. It is the VA acts in concert with the Army to distorted plaintiff military performance and medical records and  used these distortions to certify the AR 636-200 bar which held him unsuitable for further military duty [for disciplinary reasons not medical disabilities] while requiring him to remain on active reserve from 1967 through 1970. All such violations are 5th amendment violations which have the same gravel-man as violations under the 14th amendment.

78.   In the context of the Constitution of the United States the citizen has rights which are inalienable, they are God given rights to Life, Liberty and the pursuit of happiness were the first to come to mind. Accordingly these rights could not be abridged [9-11]. Any person deprived of or denied these rights had a right to enter the court and petition government [8, 9, 11, and 14] for proper proceedings for redress.

79.   Plaintiff allegations of violations of his rights while he was in the US Army have been traditionally considered exclusive jurisdiction of the Secretary of the Army and under the rules enacted by congress to include AR 40-501 and the Uniform Code of Military Justice. This is a procedural violation which has been substantial in the plaintiff case and has followed him to hinder his full recovery because of VA cover-up.

80.   Plaintiff has a right generally to rehabilitation to the point of employability which included the services needed to evaluate and improve the veteran's ability to undertake training for employment which would not further injure him [38CFR21.72]

81.   The US Congress also provided for administrative regulation of the Veteran affairs once he was released from the United States Armed forces in general under Title 38 Section 211 *codified and established a multi-tiered framework for the adjudication of claims regarding veterans benefits. The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs. The regional office of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Upon receiving a decision from the regional office, the claimant may appeal to the BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. See 38 U.S.C. § 7104. The Court of Veterans Appeals ("CVA"), an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the BVA. 38 U.S.C. § 7252(a). The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. See 38 U.S.C. § 7291.*

82. The administrative laws of the US Army and the VA serve to promote the common defense and the general welfare of the people. These are administrative laws, which cannot overturn the basic rights of the citizen. Even in the military there are rules related to probable cause for arrest. The US Congress did not intent neither can it give administrative powers which abridge the rights of the citizen inherit in the US Constitution. However, any prudent individual realize that an army is a group of soldiers who must learn to accept and execute orders in a regimental fashion.

83. The plaintiff has sought administrative review by submitting a complaint to the Army Board of Correction upon his release from the US Military. The relief, which he sought, was denied and his records are being suppressed, altered and or destroyed [Affidavit-35]. The alteration and destruction of these records have impact the tenor of the treatments, which he has received from the department of veteran's affairs. These are clear violations of plaintiff right to request and receive records under 52 USC § 552.

84. Plaintiff sought appeal to the Board of Veterans Appeal 1971, 1994, 2003, and 2004 who allegedly ruled upon the records in 1971 and 1994. The BVA upheld the adverse actions of the VA with a ruling in 1972. They used historical records related to IVP which have been consistently call normal while showing IVP and records of urinary discharges [Affidavit (64-65)], certifications of private physicians [Affidavit-66], chronic urethiris, abnormal pelvic, protein in urine [Affidavit-67], bp 240/120 controlled with drugs 170/95 and adverse drug reactions [Affidavit-69]. The VA has consistently suppressed the production of these so-called normal laboratory and clinical documents. These are clear violations of plaintiff rights to request and receive records used in a decision under 52 USC § 552 and violations of 18 USC § 1001 which prohibit destruction of federal documents to hinder an investigation.

85. Other federal agencies are charged in this complaint. These agencies also enjoy administrative authorities. The IRS and EEOC are named as violators in this complaint. These federal agencies have responsibilities and have also followed a pattern of threatening, and harassing the plaintiff. They also have engaged in the destruction of records in violations of federal prohibitions under 42 USC § 1983; 42 USC § 2000e-5; 18 USC § 1001 and § 1505.

86. ***1739 Offenses Related to Obstruction of Justice Offenses***

*Conduct within the purview of the obstruction of justice statutes may also violate one or more of the following statutes:*

*18 U.S.C. § 1001--false statements and concealment of material facts before Federal departments and agencies (overlap with 18 U.S.C. § 1505).*

87. Plaintiff has a right to the records seeing these test were ruled normal in the report. IRS threaten to destroy Horne file for using plaintiff services [Affidavit (70-71)], Plaintiff wrangle with EEOC for records which they insist were destroyed in 1991 see CV 91-0149 US Court EDNY, plaintiff has been faced with a concerted effort from these federal agencies to deny him the right to court by suppressing and destroying records. Plaintiff was re-evaluate and diagnosed by VA insipid CHF 60% back 10%. Plaintiff live with son [Affidavit-72], destitute [Affidavit-

73], VA denied plaintiff right to be compensated 100% due to unemployables as VA does with similar situated veterans. Plaintiff property rights were threatening by IRS taking [Affidavit (75-77)]. Many of the violations were more than suppression of plaintiff rights under 5 USC §552 FOIA they also violated his Fifth Amendment - Rights of Person depriving him of property rights, without due process of law; and without just compensation. These violations have been effected by violations of statutes prohibiting the obstruction of justice.

88. U.S.C. ¤ 1983 states, in pertinent part:
*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .*

89. 42 USCS § 1981a (2000) § 1981a. Damages in cases of intentional discrimination in employment plaintiff had a *Right of recovery:*

*(1)   Civil Rights. In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5 [or 2000e-16]) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act (42 U.S.C. § 2000e-2 or 2000e-3 [or 2000e-16), and provided that the complaining party cannot recover under section 1977 of the Revised Statutes (42 U.S.C § 1981), the complaining party may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964 [42 USCS § 2000e-5(g)], from the respondent.*

90. EEOC actions assisted the private party through a polluted state action and lack of prosecution. The actions of EEOC were deliberate and with intent to deprive the plaintiff of his right to be made whole. The EEOC actions violated various provisions of 42 USC 2000e-5 and rules for certification of state agencies as federal referral agencies.

91. This case poses basic jurisdiction questions related to constitutional rights. The problems of compelling state or federal agency interest always arise in these types of cases. The arguments always surround the meanings of these laws and the stated interest intended by congress. Indeed what was the state interest in depriving the plaintiff of his federal rights? There was none the EEOC in this case deferred what should have been a concurrent jurisdiction as should be the case in all such matters. The plaintiff should maintain his rights under the US Constitution and when a law is imposed [administrative or otherwise] and it unduly burden the exercise of citizen's rights to petition his government [state or federal] it should be overlooked by the federal court as an impediment to enforcing US Constitutional Rights.

92. Plaintiff has sufferred from a pattern of abuse which is evident by the VA taking of benefits and subjecting plaintiff to injuries; EEOC refusal to prosecute acts of unlawful religious discrimination for over eight years [Affidavit-139], the acts of conspiracy under color of state law used to deny plaintiff access to the court [Affidavit-140], EEOC destruction of files while matter was before the federal courts [Affidavit-141], the acts of destroying records to hinderance

and obstruction of the law [Affidavit-142], IRS intimidation of plaintiff clients [Affidavit-143], IRS "takings" through illegal liens and seizures and destruction of plaintiff federal remedies and rights to be made whole.

93. Plaintiff filed CV-0149 complaining of the acts under color of law, which violated his constitutional rights and civil rights. NY State entered action NY 26248/92in continuance of their acts under color of Law in violation of plaintiff rights covered by the federal charge of discrimination which the filed under [E-C-86900-82E] by Federal referral number 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.

94. Plaintiff suffer these takings, deprivation of substantial rights all running concurrent with the VA attempting to destroy his identification as a service connected disable veteran and the medical history of his condition. The US Congressional intent of 38 USC § 211 is to maintain authority over the evaluation of Veterans claims. This includes the processing of disability complaints, review of disagreements and providing a responsible system necessary for encouraging the health and well being of the injured veterans. VA awarded plaintiff 40% disability effective from the date of discharge thru December 1972. [Affidavit-120] 30% disability for five and half years is enough to establish the chronic nature of the plaintiff disability heart condition. VA arbitrary discontinued benefits for plaintiff heart condition citing examinations, which are not supported by private physicians and plaintiff own monitoring. Harassment from federal agencies forced plaintiff to lose sedentary employment. Plaintiff work in construction 1992-1993 aggravated plaintiff chronic heart condition he sought increase in service connection from 0% and VA began suppressing records related to the historical and chronic nature of the disease. [Affidavit (122-123)]. such acts destroy the integrity of the system [Affidavit (124-125)]. VA engages in acts of disparate treatment [Affidavit-126]. These actions caused injury to plaintiff and violate his constitutional liberties [Affidavit (127-128)]. Many of these acts are classified as obstruction of justice under *18 U.S.C. § 1001*.

95. Plaintiff was rated 70% disabled from August 1994 through March 1, 2001 when VA arbitrary discontinued his benefits falsely alleging that they received a notice of his death [Affidavit (78,85,91)]. Plaintiff notified VA he was alive but it took approx 5 months to restore his benefits. [Affidavit (78-81)] Plaintiff was injured as a result of VA actions. [Affidavit (81-83)] Plaintiff developed a severe hydrocele. VA deny plaintiff request for hardship waiver discontinue entire benefit again May 1, 03 thru July 1, 03. [Affidavit (86-94)]. Plaintiff filed FOIA request [Affidavit-89]. VA deny request [ Affidavit-90]. Plaintiff applies for emergency Medicaid and is refused after five months. Plaintiff complains of pains in groin and chest and examined by University Hospital of Medicine and Dentistry finding Left heart abnormalities and grotesque hydrocele. [Affidavit-92] these discontinuances are "taking" in violation of plaintiff's right to due process under both the 5th and 14th amendments. They are with total disregard for the health and well fare of the Plaintiff. They are criminal violations because they misrepresentation of material facts [alleging VA received a notice of death when in fact they didn't]. They are pretext hence actions under color of law. This idea of under color of law develops in state proceeding but is applicable to 5th amendment analysis. These substantial violations over come the preclusive effect 38 USC § 211 might have on the jurisdiction of this complaint.

96. Plaintiff filed complaints with the BVA 10-28-03 and 6-16-03 and the BVA and sent them to the RO without docketing. Plaintiff complained to the US DOJ about the alteration and falsification of records no charges have been brought. Plaintiff requested copies of Army medical record from the National Personnel Records Center.[Affidavit-129]  Some of the records NPRC provided plaintiff have been altered they did not include IVP or renal grams.[Affidavit-130] All these are attacks on plaintiff health and well being [Affidavit-131].

97. Plaintiff substantial rights under the 5th amendment are openly abused by the federal agencies named herein. These abuses have found no remedy in the various administrative processes. There is a concerted act between the Department of VA and the National Personnel Records Center to repress, alter and destroy federal documents. The plaintiff is now a 59 year old Vietnam era veteran who has sought to maintain suitable employment and found himself under attack by federal agencies.  He has attempted to remedy the problems by following the congressional administrative schemes. The latest actions of the VA are so far removed from that scheme that both the BVA and the US DOJ have remanded without instructions.

## CASE SUMMARY

98. This is a case of a now homeless, Veteran who is by providence born of African descent and by choice an Orthodox Muslim. He is a citizen of the United States of America by birth. He volunteered for service in the US Army and had excellent conduct and performance and had made the rank of Specialist E/4 until struck an automobile while marching in a military formation. His injuries made him unfit for military service by the US Army did not discharge him as was required by Army Regulations.  While being retained in the military beyond the requirements of the medical profiles, he was subjected to disciplinary actions, physical assaults and battery, and unlawful imprisonment until the day of his release.  When released from the military the VA found a medical condition to support back injuries, trauma resulting from the accident, and hypertensive cardio-vascular disease which supported his claim that he was kept in the military in violation of the Army Regulations. The plaintiff made every effort to re-habilitate himself and report the abuses to the Army board of correction. At the point when he began practicing the religion of Islam the VA reduced his rate of medical disability for Hypertensive heart disease from 30% to zero indicating that after six years of treatment for the condition the signs and symptoms just disappeared.  Private physicians' records of treatment did not support this finding.  Plaintiff had not reached the point of rehabilitation until 1976 and found suitable employment 1977 which he worked until 1982 when he was discharged because he insisted upon practicing his religion. He had been required to cut his beard as a condition of employment. He had worn the beard as a symbol of his religious faith for more than eleven years. He filed a federal complaint of unlawful discrimination with the EEOC who deferred the action to NY Division of Human Rights but did not act to prosecute the federal complaint or provide the plaintiff the right to sue for eight years.  During the eight years while the plaintiff was being foreclosed from the court or a remedy for the unlawful discrimination, which he suffered, he was harassed by IRS and various NJ State agencies and forced to close a self-employed economic development business, which he operated in the State of New Jersey. He sought employment in the field of his training and expertise and teaching positions in his discipline but failing to secure suitable employment he accepted employment as a migrant laborer to continue to support his family. He was employed as a migrant laborer for approximately five years and returned to work for J&R Air-conditioning and Heating, INC. as a Construction Program Developer 1990. The

IRS seized the assets of that company based upon an un-collectible claim and forced the company to discontinue the program and discharge the plaintiff. The plaintiff again returned to migrant labor 1991 and worked until he began having symptoms of congestive heart failure. Plaintiff began working as a carpenter and plumbing assistant but his medical condition was again aggravated in 1993. He returned to the VA seeking reevaluation of his service connected heart condition (he was still receiving 10% disability for the back strain). 1993-1995 the VA indicated that the plaintiff claim for disability due to hypertensive cardio-vascular disease was unfounded. To support this false allegation the VA began to suppress records related to plaintiff treatment while in the US Army and the early treatment and records of the VA at the VA Brooklyn Hospital where he was hospitalized January 26, 1968 through March 4, 1968 for complaints of chest pains, shortness of breathe and other related symptoms of chronic heart disease. Plaintiff was forced to complain to the US Congress to force the VA to properly evaluate his claim and upon that evaluation Plaintiff was rated a combine rating of 70% disabled (60%-cardiovascular disease and 10% lower back strain). Plaintiff have not been able to maintain any substantial employment since 1993 but attempted to provide a supplement to his disability compensation by doing accounting related work. In 1998 plaintiff published a book about his experiences while in the US Army. In 1999 and 2000 he began to appear in hearings as an expert witness for Mamie A. Horne, his sister, who had been a client 1985-1987 and who he had assisted in a race and sex discrimination complaint against the US Department of Justice. The IRS again began harassing the plaintiff. The VA began to act in concert with the National Personnel Records Center to acquire the military medical records of the plaintiff. These records were suppressed, altered and or destroyed and all FOIA request made by the plaintiff was not respected by either federal agency. In March 2001 he received a notice of his death from the VA and the VA discontinued his benefits for almost five months. The VA again threatened to discontinue his benefits September 2002 because they said they received a notice that he wasn't actually living at his mailing address. The VA again discontinued his benefits for two months between May 1, 2003 and July 1, 2003. The plaintiff complained to the board of veterans appeal that the actions of the VA was a taking in violations of his right to due process and equal protection filing the complaints with the BVA October 28, 2003. The BVA did not docket the complaint but remanded the files back to thee Regional Office without notifying the plaintiff. Again the Plaintiff filed with the BVA in July 16, 2004 and the Board again did not docket the complaint but referred the matter to the VA Washington Case management office. The plaintiff filed a complaint with the US Department of Justice related to the VA alteration, suppression, and or destruction of federal documents. The US DOJ referred the matter back to the VA. The VA has subsequently admitted that there is no information in their records to support that they actually received a notice of the plaintiff's death or any notice form the USPS indicating that they ever received any information concerning his residency. The VA actions were just a ruse to support is acts in violation of the plaintiff substantial rights to equal protection under the law and his rights to due process under the law. These acts have served to destroy the plaintiff rights to both property and health and well-being. The plaintiff holds a master degree in business administration but has not worked in his professional environment since 1990. He has not had any substantially gainful employment or taxable wages since 1993. He has made a number of efforts to work but they have provoked CHF and in the latest instant in 2001 caused him a severe groin pull, which developed into a grotesque hydrocele. This physical condition has created another impediment to the plaintiff effort to provide even minimal supplementary income. Today plaintiff is a 59 year old service connected veterans who is told to go to a homeless shelter and the VA consider reported earnings of less than $100 a month as gainful employment while

treating other veteran's who have full disability and earnings above this amount quite differently. Plaintiff has been injured in his person, properties and rights by the pervasive acts of the defendants. Plaintiff believes that if he was not of African descent and a practicing Muslim he would not have been treated as he have. Plaintiff enter this court maintaining that substantial rights which he are entitled to under the 5th Amendment and all the constitutional provisions and federal statutes cited herein have been violated by the defendants named herein. He has a right to this petition and to be made whole for the injuries which he has suffered.

## VII-- Plaintiff Right to Petition

99. "Equal protection analysis in the Fifth Amendment area," the Court has said, "is the same as that under the Fourteenth Amendment." Buckley v. Valeo,            (1976); Weinberger v. Wiesenfeld,            n.2 (1975). Adarand Constructors, Inc. v. Pena, 115 S. Ct. 2097, 2106-08 (1995).

Title 28 USC Section 1331. Federal question

*The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.*

Title 28 USC Section 1361. Action to compel an officer of the United States to perform his duty

*The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.*

100. Title 28 USC Section 2201. Creation of remedy

*(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be review able as such.*

101. Title 28 USC Section 2202. Further relief

*Further necessary or proper relief based on declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.*

22



102. Title 28 USC Section 1391. Venue generally

> *(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.  Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.*

## VIII – REMEDY

103. UPON the information and petition and records the plaintiff has clearly suffered and continues to suffer violations of his constitutional rights herein cited.  Having suffered injury due to the acts of the herein named defendants, plaintiff has a right to be made whole.  Plaintiff respectful request that this court fashion a remedy which will include but is not limited to the following:

a) Declaratory Judgment that the plaintiff has the constitutional rights herein guaranteed.
b) Injunctive relief and orders mandating:

Secretary of the Army and The Army Review Board to examine the record based upon the plaintiff right to have had a Medical Evaluation Board Review and the facts of record integrated into any disciplinary actions which he was subjected. Review of the rights of the Plaintiff to have been accorded the right to have the special court martial and the MEB Review incorporated in the findings of facts.  Plaintiff having not been accorded these rights and privileges overturning the court martial judgment dated January 23, 1967 and restoring Plaintiff records showing the rank which would have attained being held for the convenience of the Government through August 5, 1970.

c) Injunctive relief and orders mandating:

104.  Declaratory Judgment that plaintiff has a right under 5 USC § 552 to the records which he has requested from:

a) The National Personnel Records Center
b) The Department of Veterans Affairs
c) The VA Hospital Center Brooklyn NY

Injunctive Relief ordering and mandating that all such requests shall be presented in subpoena and recognized as an order from this court to provide them to the Plaintiff.

105. Declaratory Judgment fashioning a relief necessary to make the Plaintiff whole in his person and his property for the injury and injustice which he has suffered:

    a.  Loses related to injury from September 17, 1966.

    b.  Loses related to disability not compensated 1970 thru 1976 while in VA Rehabilitation.

    c.  Loses related to the failure of the EEOC to prosecute plaintiff claim of religious discrimination which plaintiff suffered 1982-1990 [suffering lose wages, pain and suffering and lost tuitions and associated punitive damages].

    d.  Loses and injuries due to VA takings and VA destruction and suppression of records 1993 to present.

    e.  Loses of career and permanent diminished capacity due to the acts of all defendants' abuses of process.

106. Plaintiff and his family have suffered serious and severe injuries and lose of properties resulting from the defendant's violations of plaintiff's constitutional rights. He is requesting actual damages of $15 Million [Fifteen Million Dollars U.S.] and punitive damages and other injunctive relief; which this court may award.

Morris J. Peavey, Jr.
C/O Eric Peavey
12315 NW 23rd Avenue
Miami, Florida   33167

1-305-688-0759