

**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
CASE MANAGEMENT DIVISION
1901 SOUTH BELL STREET, 2ND FLOOR
ARLINGTON, VA 22202-4508

October 3, 2008

Case Number AR20080015158

Mr. Morris J. Peavey Jr.
12315 NW 23rd Ave.
Miami FL 33167

Dear Mr. Peavey:

We acknowledge receipt of your application, DD Form 149, Application for Correction of Military Records, or DD Form 293, Application for Review of Discharge from the Armed Forces of the United States, dated August 2, 2008. Your application has been assigned the case number shown above.

The various Army Review Boards review cases in the order in which they are received. Due to the number of applications on hand and the complexity of many cases, it may be as long as twelve months before you receive notification of the decision on your application.

If your address changes during this time, please notify us at the address above. Reference your case number and provide your new address so we may maintain contact with you.

Thank you for patience as we obtain your records and consider your application.

Sincerely,

Walter Avery
Chief, Case Management Division

NARA | ARC | Registry



Home   Agency Requests   My Requests   Order Records-Single   Track records

Help | Where is...? / How Do I...?

[Logout]

FAQ's

| Registry | | 1 - 2 of 2 | | | [Find] [First] [Previous] [Next] [Last] |
|---|---|---|---|---|---|
| | Veteran Name ↓ / | SSN/SN ↓ / | Branch ↓ / | Record Type ↓ / | Registry Number ↓ / POW Dates ↓ / Out DD/MM/YY |
| Order Non-Registry Record | PEAVEY,MORRIS J | 264726675 | Army | PersMed | V00000110047 |
| | PEAVEY MORRIS J | 264726675 | Army | PersMed | A00064976557 |

Order Registry
Record - Query
here first

Order Non-
Registry Record

U.S. National Archives & Records Administration
8601 Adelphi Road, College Park, MD 20740-6001  •  1-86-MONARA/NARA = 1-866-272-6272



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
CASE MANAGEMENT DIVISION
1901 SOUTH BELL STREET
ARLINGTON VA 22202-4508

**October 28, 2008**

Case Management Division/sra
PEAVEY, MORRIS J. JR.
AR20080015158

Mr. Morris J. Peavey Jr.
12315 NW 23rd Avenue
Miami FL 33167

Dear Mr. Peavey:

This is in reference to your correspondence to the Army Board for Correction of Military Records (ABCMR) concerning your previous submitted application for correction of military records. My office provides administrative support to the ABCMR.

As previously advised, an exhaustive search was undertaken to locate your military records which are necessary for the processing of your application. Your records were again requested from the repository in St. Louis, Missouri. The National Archives and Records Administration has again notified us that your records are on loan to another agency.

Since the Board is not an investigative body and since there is a presumption that what the Army did in your case was correct, we cannot process your application without your official military records. Other evidence/documentation, in the absence of your military record is not sufficient for a thorough review of your case. I regret, therefore, that based on the unavailability of supporting documents, the ABCMR has closed your case without further action.

The ABCMR cannot make a fair, impartial, and equitable determination of facts without your official records. If you have a complete copy of your military records you may resubmit your application. We have enclosed a new DD Form 149 for your use.

We regret having to take this action; however, under the circumstances, we have no other alternative.

Sincerely,

Walter Avery
Chief, Case Management Division

Enclosure

# DEPARTMENT OF THE ARMY
## BOARD FOR CORRECTION OF MILITARY RECORDS

IN THE MATTER OF MORRIS J. PEAVEY, JR.

RA 127 01 916

CASE NO.  AR20060007403 PEAVEY, MORRIS J.

Request to Certify the Record

Transfer a Copy to the US District Court Clerk

US District Court for the District of Columbia

Peavey V. Alberto Gonzales     1:05CV 0819 RWR

**Background statement:**

Morris J. Peavey, Jr. US Army medical enlistment records show bp 130/70 and PLUSE 11111 with no injuries, disease or congenial disorders; struck as a pedestrian by an auto 9/17/66 he was hospitalized 7 days; given "3p" and Code D&U profiles; required repeated sick call; and given 30 days convalescence leave. 19 December 66 Peavey returned from 30 days covalence leave and on 22 December 66 Dr. Henry Wise his primary doctor noted bp 154/112 "compensation case." ABCMR  Complaint ¶¶12-16.

16 December 66 Peavey's performance & conduct was rated excellent at pay grade Sp4/E4 supported by no disciplinary infractions in plaintiff's 201 file; orders, assignments, Captain Maloney 16 Dec 66 performance rating, and General Kimbrell 19 April Tel-X to Congressman Brassco.  Dr. Wise suggested Cardio-renal disease based upon the medical records including abnormal IVP's and suggested arteriogram.  Dr. Wise referred Sp4/E4 Peavey to Dr. Lafallet for orthopedic consultation and Dr. Jackson for Cardio-renal consultation. ABCMR Complaint ¶¶17-18.

Sp4/E4 Morris J. Peavey, Jr. beyond AR 40-501 because medical records showed trauma to lower torso with complaints for headaches, dizziness, fainting, and memory lost and pains in lower back with persistent pain in right flank. Objective medical examinations show refractory hypertension [185/120 and 154/112 on meds after 3 months]; bruit in abdomen; heart murmur with narrowing of arteries; abnormal IVP with double ureter. See US Army Dispensary and Womack Army Hospital records 17 Sept 66 – 5 Aug 67.

Peavey, Morris, J.
Assigned To:  Cooper, Wanda
Receipt Date:  2008/08/04

Sp4/E4 Morris J. Peavey, Jr. was taken off airborne status; examined by Dr. Lafallet while in Peavey's arms on 23 December 66 and found fit for full duties by Dr. Lafallet; denied proper medical treatments because he was assigned duties in violation of his medical profiles; his medical treatments was discontinued and he was denied all meds including anti-hypertensive meds prescribed three months before. Peavey suffered severe headaches, dizziness, and confusion and went AWOL to seek proper medical treatment 5 January 67. ABCMR Complaint ¶¶19-22.

SP4/E4 Peavey returned to the US Army after 11 days AWOL and was offered a Summary Courts Martial by his unit commander Captain Maloney; he demanded a Special Court Martial w/MEB pursuant to UCMJ; Peavey was given summary court martial [reduced to PVT. E2] and w/635-200 certificate of unsuitability in violations to the rights to present medical facts which rendered his unsuitable under AR 40-501 par. 3-23; he not released from the US Army. ABCMR COMPLAINT

Pvt. E2 Peavey was subjected to further abusive processes; denied further medical treatments; subjected to assault and battery; false imprisonment; taking medical records; false and erroneous documents entered into his records [201 file] to support US Army claims of his unsuitability as the US Army OMPF show Summary Court Martial 23 Jan 67; Certificate of Unsuitability 7 February 67; AR 15 1 April 67;General Kimbrell Tel-X April 19, 1967; AR 15 24 May 67; Special Courts Martial 16 June 1967; Special Courts Martial 22 July 1967 and US Army Discharge DD 214 with 3B code barring re-enlistment in the US Army. These disciplinary actions are not supported by morning reports or any documented AR 31 reports. NPRC indicate no AR 32 investigations are in the files to support any of these actions existing in the US Army file of records. NPRC indicate that the Department of Veterans Affairs is the custodian of Peavey's US Army medical records and NPRC is the custodian of all other personnel records. ABCMR Complaint ¶¶22-24.

The Summary Court Martial was completed on 23 January 1967 prior to any medical review board. Dr. Wise examination 17 January 1967 recap his understanding of Peavey's status and medical problems to include the causes of the AWOL, his

2

perceptions of Peavey's request for a Special Court Martial and right to MEB and the probable cardio-renal diagnosis.   Dr. Wise statement also provides a picture of the confused medical process from his 22 December 66 note of "compensation case" to the 11 days AWOL and Peavey being treated by private physician.   Peavey's US Army medical records show alterations with chronology [effort to eliminate the section of the records from 17 September 66 showing hit by automobile]; Dr. Jackson's report 31 Jan 67; Psychoanalyst report 30 Jan 67. Dr. Wise examination 17 January 67 is the only doctor examination before the 23 January 67 summary court martial and 30 January approvals of the Certificate of Unsuitability. ABCMR Complaint ¶25.

The 7 February 67 JAG approval of the Certificate of Unsuitability does not contain records of an administrative board nor does it contain any AR 31 reports or AR 32 investigative records or transcript of a board hearing.   There are no records peavey was ever given a MEB hearing and no record of his medical condition included in the Summary Court Martial or the Certificate of Unsuitability prepared by LT. Shaw. There are no records showing medical treatments for hypertension after the return from AWOL 17 January 67 through August 5, 1967 [discharge]. Peavey was release from the US Army and records show he suffered hypertensive cardio vascular disease with LVH and lower back injuries upon discharge.  He was rated 40% disabled effective August 5, 1967 indicating refractory hypertension 240/120 and triggers in lower back with pain and tenderness and restriction in forward bending one year after the 17 Sept 66 accident. ABCMR Complaint ¶26-16.

Peavey was restricted to only light work because of his medical conditions. Work as a library clerk caused him chest pains and shortness of breathe 26 Jan 68. He was hospitalized in VA hospital; found to have hypertensive heart disease; IVP showed hydronephrosis in both kidneys; double pelvis with double ureter; possible aberrant vessel on right.  These medical findings show more extensive injury and damage than shown in Dr. Jackson's 31 January 67 summary for the same conditions and his notes on US Army IVP indicating only double ureter on left.   The VA examinations show hypertension with injury or abnormalities of the heart and [kidney/urinary/bladder] KUB which show AR 40-501 retention violations by US Army. ABCMR Complaint ¶ 34

3

An authoritative construction of the congressional grant of power is to be found in the regulations of the Department of the Army. Army Regulation 615-375, par. 2 (b) states: "The purpose of a discharge certificate is to record the separation of an individual from the military service and to specify the character of service rendered during the period covered by the discharge." (Emphasis supplied.) Moreover, the Army's Regulation 615-360, par. 7 (which was in effect during the times here involved), further states: "Because the type of discharge may significantly influence the individual's civilian rights and eligibility for benefits provided by law, it is essential that all pertinent factors be considered so that the type of discharge will reflect accurately the nature of service rendered. 38 U.S.C. 693h, which requires that the findings of the Army Review Board "shall be based upon all available records of the [Army] relating to the person requesting such review"; the word "records" means records of military service; see U.S. Supreme Court HARMON v. BRUCKER, 355 U.S. 579 (1958) 355 U.S. 579.

The Army's actions did not comply with the procedures established in Army Regulation under AR 40-501; [AR] 635-200 for discretionary "convenience discharges" and AR 635-212 for discharges based on misconduct alleging under pretext "convenience discharge" while retaining complainant on active duty and subjecting him to assault, these actions contravened his right to due process of law, and denying applicable regulations and "minimum concepts of fairness."

Peavey filed with the Army Board of the Correction of Military records on May 9. 1968 and again in 2006 after VA provided documents verifying abnormal IVP; the Army Board for Correction of Military Records [ABCMR] is to "consider all applications 32 C.F.R. § 581.2(a)(1) (1973). Established pursuant to 10 U.S.C. § 1552 (1970) and 32 C.F.R. § 581.properly before it for the purpose of determining the existence of an error or injustice," 32 C.F.R. § 581.3(b)(2) (1973), and may "correct any military record . . . to correct an error or remove an injustice." 10 U.S.C. § 1552(a).

Peavey provided information, which he was able to acquire from NPRC and VA who has been named the custodian of his US Army Military records providing those records to support the material facts listed above. The NPRC has admitted that no records exist in Peavey OMPF which show any AR 31 reports or AR 32 investigations to support any

4

disciplinary actions which exist for the Summary Courts Martial, Certificate of Unsuitability, AR 15 - 1 April 67; AR 15- 24 May 67; 16 June Special Courts Martial; 22 July 67 Special Courts Martial; CID investigations; Gen. Kimbrell Tel- X to Cong. Brasco or any disciplinary actions taken against Peavey. NPRC and VA provide no information or investigative records show that a MEB convened to determine Peavey right, which existed under AR 40-501 par. 3.23, and par. 8-3.

The ABCMR has concluded that the records were insufficient to respond to Peavey's May 9, 1968 request for correction of his US Military records and restoration of rank. The ABCMR has concluded that the

NPRC by RL Hindman dated August 27, 2007 indicates in substance Peavey  engaged your office to obtain records or information "he believes he has not yet been provided." i.e. As per the March 22, 2007 letter, Mr. Peavey is requesting to obtain a complete copy of his service personnel file.  Specifically, he is looking for the following documents; Article 132 (sic) proceedings, CID investigations and any congressional inquiries submitted on his behalf." See Cong. ¶ 3 Statements to Sen. Nelson

Mr. Hindman cites various NPRC responses to the US District Court. NPRC Indicated to the US District Court and to your office that records related to AR 32 and AR 32 proceedings, CID Investigations and any congressional Inquires related to an Incident "that he says took place In March 1967-April 1967" were not located. Ibid. ¶ 4

Department of the Army Board of Correction of Military Records dated May 26, 2006 by Ruth M. Meisenheimer noting "receipt of you're application, DD Form 149, application for Correction of Military Records." See Cong. To Sen. Nelson EXHIBIT –1 herein attached.

Department of the Army Board of Correction of Military Records dated December 28, 2006 by Carl W. S. Chun indicating, "an exhaustive search was undertaken to locate your military records which are necessary for the processing of your application. Unfortunately, they could not be found." See Cong. To Sen. Nelson EXHIBIT –2 herein.

Carl W.S. Chun indicated, " Since the Board is not an investigative body and since there is a presumption that what the Army did in your case was correct, we cannot process your applications without your official military personnel records.   Other

5

Evidence/documentation, in the absence of your military records, is not sufficient for a through review of your case. Ibid.

'In view of the foregoing, your application is closed without action by the Board. If you have a complete copy of your military records of know where they may be located, e.g. at a VA regional office or at a Reserve or National Guard unit, which you may have joined, you may resubmit your application, along with the records and ask that your case Be reopened." Ibid.

Department of Veterans Affairs indicates that it has been the legal custodian of the US Army Medical records since August 5, 1967. NPRC latest documents support this in US District Court 1:05 CV 0819 Peavey V. Alberto Gonzales by HL Hindman. A copy of letter dated December 28, 2006 317/GONG/GG C 23 448 613 indicates "Your letter to Secretary of Veterans Affairs R. James Nicholson concerning your pending claim and reproduction request was referred to the Department of Veterans Affairs (VA) Regional Office in St. Petersburg, Florida, as your five-volume VA claim file located at this office. See Exhibit – 3 herein.

The US Army provided false and erroneous information about their violations of AR 40-501 and with the aid of VA and NPRC have circumvented the rights which I would otherwise have under 10 USC – 1552 and 32 CFR – 581.2.1 complained about these records as they relate to my rights under AR 40-501 and the various congressional authorities regarding my rights while I was a soldier in the US Army. The subsequent acts of VA and NPRC suppression, alteration, and or destruction of US Army and VA records support my claim of Abuse of Process.

Copies of records were submitted with the previous DA 149 applications supporting the fact that I was an excellent soldier prior to the injury to my lower torso that made me unfit for further military service according to AR 40-501 par. 3.23 and par 8-3. The medical facts were supported by two permanent limited duty profiles ["3P"; Code U & D] restricting all strenuous physical activities and parachute jumping. US Army examinations show refractory hypertension of 185/120 two days after the accident and 154/112 three months after 7 days hospitalization, numerous sick call treatments and 30 days convalesce leave. At the time I had the rank Sp4/E4 without any disciplinary

6

actions in his 201 files and on 16 December 66 a performance rating show his conduct and performance excellent/excellent. The records provided from NPRC file and VA US Army files support these undisputed facts. NPRC and VA have not provided any records showing AR 31 report or AR 32 investigations to support any disciplinary actions taken against the Plaintiff. In the absence of all the necessary records the records submitted with the application to ABCMR are best evidence. It must be concluded that the records Plaintiff requested and have a right to pursuant to his 5 USC § 552 from the files of the US Army Records custodians name herein as National Personnel Records Center and Department of Veterans Affairs have been prematurely destroyed.

Upon these material facts Peavey the plaintiff in the captioned civil action request that the Secretary of the US Army order a copy of the transcript of action taken in the plaintiff's application filed in 1968 and 2006 to correct his US Military Records. That transcript of actions be mailed to Plaintiff at 12315 NW 23RD Avenue, Miami, Florida 33167.

Respectfully requested:

Morris J. Peavey, Jr.
12315 NW 23rd Avenue
Miami, Florida  33167
1-305-688-0759

7



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
SUPPORT DIVISION, ST. LOUIS
9700 PAGE AVENUE
ST. LOUIS MO 63132-5200

May 26, 2006

Support Division, St. Louis
Case Number AR20060007403

Mr. Morris J. Peavey Jr
12315 NW 23rd Ave.
Miami FL 33167

Dear Mr. Peavey:

We acknowledge receipt of your application, DD Form 149, Application for Correction of Military Records, or DD Form 293, Application for Review of Discharge from the Armed Forces of the United States, dated May 18, 2006. Your application has been assigned the case number shown above.

The various Army Review Boards review cases in the order in which they are received. Due to the number of applications on hand and the complexity of many cases, it may be as long as twelve months before you receive notification of the decision on your application.

If your address changes during this time, please notify us at the address above. Reference your case number and provide your new address so we may maintain contact with you.

Thank you for patience as we obtain your records and consider your application.

Sincerely,

Ruth M. Meisenheimer
Chief, Support Division, St. Louis



**DEPARTMENT OF THE ARMY**
**BOARD FOR CORRECTION OF MILITARY RECORDS**
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

December 28, 2006

AR20060007403, Peavey, Morris J.

Mr. Morris J. Peavey Jr.
12315 NW 23rd Ave.
Miami FL 33167

Dear Mr. Peavey:

This refers to your application for correction of military records dated May 18, 2006.

As you have been previously advised, an exhaustive search was undertaken to locate your military records which are necessary for the processing of your application. Unfortunately, they could not be found.

Since the Board is not an investigative body and since there is a presumption that what the Army did in your case was correct, we cannot process your application without your official military personnel records. Other evidence/documentation, in the absence of your military records, is not sufficient for a thorough review of your case.

In view of the foregoing, your application is closed without action by the Board. If you have a complete copy of your military records or know where they may be located, e.g., at a VA regional office or at a Reserve or National Guard unit, which you may have joined, you may resubmit your application, along with the records and ask that your case be reopened.

We regret having to take this action; however, under the circumstances, we have no other alternative.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Printed on Recycled Paper



**DEPARTMENT OF VETERANS AFFAIRS**
**Regional Office**
**P. O. Box 1437**
**St. Petersburg, FL 33731**

DEC 28 2006

MORRIS J. PEAVEY, JR.
C/O ERIC PEAVEY
12315 NW 23RD AVENUE
MIAMI FL 33167

**In Reply Refer To:**
317/CONG/GG
C 23 448 613

Dear Mr. Peavey:

Your letter to Secretary of Veterans Affairs R. James Nicholson concerning your pending claim and reproduction request was referred to the Department of Veterans Affairs (VA) Regional Office in St. Petersburg, Florida, as your five-volume VA claims file is located at this office.

## Status of Claim

We received your reopened compensation claim on May 26, 2006, involving the following issues: cardiovascular disease; lumbosacral strain; hydrocele; entitlement to individual unemployability; temporary 100 percent disability evaluation (Chapter 29); and temporary 100 percent disability evaluation (Chapter 30).

In an effort to help support your claim, we contacted both Columbus Medical Hospital and University Hospital of New Jersey on November 9, 2006. We received a response from Columbus Medical Hospital on December 8, 2006, but we are still awaiting a response from University Hospital. You may be able to expedite processing time by also contacting this medical facility. If we do not hear from University Hospital within 60 days from the date of our letter, we may make our decision based on the evidence of record. As soon as we are ready to render our final decision, please be assured you will be promptly notified.

## Status of Appeal

Your letter to the Secretary makes reference to an appeal. Your last appeal was initiated when you submitted a Notice of Disagreement on June 23, 2004. You were provided a Statement of the Case (SOC) on June 29, 2005, which outlined the laws and VA regulations used to reach our rating decision. Along with our SOC, we enclosed VA Form 9, Appeal to the Board of Veterans' Appeals, in case you chose to formally appeal within 60 days from the date our SOC was sent. Because your VA Form 9 was not timely filed, your case was closed on September 6, 2005. No other appeal is now pending.

## Reproduction Request

Your letter alleges VA deliberately refuses to process your reproduction requests. A physical review of your complete five-volume VA claims file indicates otherwise. On April 13, 2006, we sent you complete *second* copy of your VA claims file. For your review, we are enclosing a copy of our previous cover letter. This request, which totaled 2,774 pages, included a copy of all service medical records (SMRs) contained in your file.

Our records show you served on active duty in the United States Army from July 24, 1964 to August 5, 1967. Since your SMRs are about forty years old, many of these pages are now delicate and contain faded printing. We regret to inform you a third free copy cannot be provided. We are confident that you have already received the best quality reproduction possible. If you choose to pay for another copy of your file, we must charge 15 cents per page. This amounts to an estimated $416.10 (2,774 pages x .15= 416). Please remember, the final amount will likely be more since many more pages have been added to your records since we provided your last copies in April 2006. Because VA is experiencing a nationwide backlog of Privacy Act requests, processing time for completion is at least six months.

So that you could personally review the quality and content of your original claims file, we scheduled you for a folder review on June 22, 2005, and again on March 7, 2006. On both dates, you did not appear at the scheduled date and time.

## Additional Information

Due to a recent cost of living adjustment, your current monthly VA compensation entitlement increased from $873.00 to $901.00, effective December 1, 2006; however, the effective date of payment no later than January 1, 2007.

We hope the above information will be helpful. If you have any further questions, feel free to call us toll-free at 1-800-827-1000, Monday through Friday (except Federal holidays), 8:30 a.m. until 4:30 p.m. A Veterans Service Representative will be glad to answer any questions.

Sincerely yours,

BARRY M. BARKER
Director

Enclosure



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

October 27, 2008

SFMR-RBR-QC/lab
PEAVEY, MORRIS
Q20080003122

Mr. Morris J. Peavey, Jr.
c/o Eric Peavey
12315 N.W. 23rd Avenue
Miami, FL 33167

Dear Mr. Peavey:

I am responding to your Freedom of Information Act request, dated October 3, 2008. Specifically, you request documents relating to the findings of facts and decisions related to you application to the Army Board for Correction of Military Records (ABCMR).

Army Regulation 15-185 governs the operation of the ABCMR. Paragraph 2-2c of that regulation states that the ABCMR will decide cases on the evidence of record. It is not an investigative body. Paragraph 2-9 of that same regulation states that the ABCMR begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving error or injustice by a preponderance of the evidence.

The ABCMR does attempt to obtain the military personnel record of the applicant from the National Personnel Records Center, the custodian of records. The ABCMR does not obtain VA records. Providing VA records to the Board is the applicant's responsibility. In your case, the ABCMR requested your military personnel record from the repository. However, we were advised that your record is charged out. I have enclosed a copy of the NARA finding file document indicating a charge out. Although you claim you submitted documents to support your application, we have no record of receiving them. We will make one more attempt to order your military personnel record. However, if your record is still charged out, we will be forced to close your application at this time.

I trust this information is helpful.

Sincerely,

Rick A. Schweigert
Chief, Congressional and Special Actions

Enclosure


Printed on Recycled Paper



# United States Senate
### WASHINGTON, DC 20510-0905

October 27, 2008

BILL NELSON
FLORIDA

Mr. Morris Peavey, Jr.
12315 Northwest 23rd Avenue
Miami, Florida 33167

Dear Mr. Peavey:

I am contacting you to let you know that we have received your recent correspondence.

I have forwarded this letter and all other pertinent information to the Department of Veterans Affairs and the Department of the Army for their review and consideration. Once we have received a response from them, we will be back in touch with you.

Regarding the issue you are having concerning your property in Dade City, I strongly suggest that you contact the Florida Bar Referral Service at 800-342-8011. They can provide a referral for the Legal Aid organization in your community or for an attorney who will agree to provide a one hour consultation for

I appreciate this opportunity to serve you again.

Sincerely,

Bill Nelson

BN/fd

## TAB TWO

EXHIBITS:

1.      TELTEX WSH dated April 19, 1967 from General Gordon T. Kimbrell to Congressman Briscoe noting "PVT. Peavey is fit for full duty." It is preference by as far as the back is concerned a indicate "apparently his difficulties began shortly after he was involved in an accident in which he sustain injury to his back."

2.      VA HOSPITAL BKLYN UNCLAS/136/PEAVEY document transmittals and congressional interest for the period of admission 1-26-68 to discharge 3-4-68 from veterans hospital.

3.      Department of Veterans Affairs Notice of Death to the Estate of Morris J. Peavey, Jr. dated March 21, 2001.

4.      Department of Veterans Affairs 630/136D dated March 3, 2003 re: request for medical records for period of hospitalization noted in exhibit 2 above. Peter J. Julliano indicates " A search of our records showed no indication of the above individual being in our healthcare system of records.

5.      Department of Veterans Affairs letter dated August 1, 2003 by Beatrice L. Rue noting "To date I have received nothing from files to show that the VA actually receive (sic) such a notice as they originally alleged." She further inform "Copies of information from you (sic) files showing that the USPS United State Post Office actually notified VA that I had moved and affected a change of address from 12315 NW 23rd Avenue, Miami, Florida 33167. I still have not received any information related to this request."

6.      BVA 9-21-05 to St. Petersburg RO317 pending and indefinite delays after hospitalization to assist Peavey during a period of incapacitation following heart attack.
7.      Letter from Columbus Hospital dated December 8, 2005 to Morris Peavey noting that hospital records were sent to VA Medical Center 11/11/05.
8.      VA letter dated October 6, 2005 showing Peavey in priority 5 medical rating while knowing of the hospitalization at lease as of BVA 9/21/05. This pattern of clear disregard for Peavey health and safety is similar to VA sending Peavey a death notice March 21, 2001 and discontinuing his compensation for 5 months.
9.      VA letter dated November 1, 2005 to Morris J. Peavey, Jr. notice of correction from priority 5 to the correct priority 1 which reflect the 60% rating for heart condition.
10.     VA letter Re: 546/136B address the hospitalization and fact Peavey was recuperating at Eleanor's Retirement Home.

COPIED FROM CLAIMS FOLDER DEPARTMENT OF VETERANS AFFAIRS (317)

No. 1

$

WU TELTEX WSH

$

NAVCOMSTA WSH

TLX041                                        APR 19 1967

R 1515292 APR 67

FM CG FT BRAGG NC

TO HONORABLE FRANK J BRASCO HOUSE OF REPRESENTATIVES WASH DC

BT                    031

UNCLAS FROM AJBAG-P 14805

SIGNED: GORDON T. KIMBRELL, BRIGADIER GENERAL, USA,

DEPUTY POST COMMANDER.

    THIS IS IN REPLY TO YOUR INQUIRY IN BEHALF OF PRIVATE MORRIS J.

PEAVEY, RA 12 701 916, HEADQUARTERS BATTERY, 4TH BATTALION, 73D

ARTILLERY, FORT BRAGG, NORTH CAROLINA.

    PVT PEAVEY IS NOT BEING PROCESSED FOR A DISHONORABLE DISCHARGE.

PRIOR TO AUGUST 1966 THE CHARACTER OF PVT PEAVEYS SERVICE WAS

EXCELLENT. HOWEVER SINCE THAT TIME HIS RECORD REFLECTS THAT HE HAS

BEEN A CONSTANT TROUBLE MAKER. APPARENTLY HIS DIFFICULTIES BEGAN

COPIED FROM CLAIMS FOLDER DEPARTMENT OF VETERANS AFFAIRS (317)

PAGE 2 RUEDNEA5395 UNCLAS

SHORTLY AFTER HE WAS INVOLVED IN AN ACCIDENT IN WHICH HE SUSTAINED

INJURY TO HIS BACK. SINCE THAT TIME HE HAS ATTEMPTED TO RELIEVE HIS

FRUSTRATION AT WHAT HE BELIEVES IS INACTION ON THE PART OF MEDICAL

AUTHORITIES IN CORRECTING HIS INJURY. THE CHIEF OF ORTHOPEDICS,

WOMACK ARMY HOSPITAL, HOWEVER, STATES THAT PVT PEAVEY IS OVERCONCERNED

ABOUT ANY LITTLE TWINGE HE MAY BE GETTING AND THAT THERE IS

NO BASIC BACK DISEASE AND NO EVIDENCE OF RESIDUAL INJURY. AS FAR AS

THE BACK IS CONCERNED, PVT PEAVEY IS FIT FOR FULL DUTY.

PVT PEAVY HAS BEEN WARNED THAT UNLESS HIS CONDUCT IMPROVES HE

WILL BE CONSIDERED FOR ELIMINATION FROM THE SERVICE AS UNSUITABLE. IF

HIS CONDUCT DOES IMPROVE HE WILL BE RETAINED UNTIL HIS TERM OF SERVICE

EXPIRES ON 3 AUGUST 1967. IT SHOULD BE FURTHER NOTED THAT ELIMINATION

FOR UNSUITABILITY IS NOT THE SAME THING AS A DISHONORABLE DISCHARGE

AND THAT, IN FACT, PERSONNEL BEING SEPARATED FOR UNSUITABILITY RECEIVE

A CERTIFICATE OF GENERAL DISCHARGE UNDER HONORABLE CONDITIONS.

IF I MAY BE OF FURTHER ASSISTANCE IN THIS MATTER PLEASE LET ME

KNOW

BT

[57184 EVDIW

**RECEIVED**

**1968 JUL 25  AM 8: 15**

**V.A. HOSPITAL**
**BROOKLYN 9, N.Y.**

*1360*

FM VARO NYK

TO VAH BKLYN

P 4349 2061950

BT                              *Personally mailed 3/19/68*

UNCLAS/136/PEAVEY, MORRIS J JR C-23 448 613 SS# 264 72 6975 ADM

1-26-68 DIS 3-4-68. NO REPLY TO 7131 DTD 2-6-68. FURN FINAL HOSP

REPORT /21F/

BT                *Final summary again*
                  *mailed 7/25/68*

NNNN

[57184 EVDIW



**Department of
Veterans Affairs**

Debt Management Center
Bishop Henry Whipple
Federal Building
P.O. Box 11930
St. Paul MN 55111−0930

MARCH 21, 2001

In Reply Refer To: 389
File Number:

REPRESENTATIVE OF THE ESTATE OF:
MORRIS J PEAVEY JR
12315 N W 23 AVE
MIAMI FL  33167

Payee Number:        00
Person Entitled:     MJPEAV
Deduction Code:      30

We are sorry to learn of the death of   MORRIS J PEAVEY JR
And wish to express our sympathy.

**WHAT YOU SHOULD KNOW**

VA benefits that are paid for the month in which death occurs, or for subsequent months,
must be returned.  This includes any checks or amounts electronically deposited in a bank
account after the payee's death.  The only exception is when a surviving spouse is entitled to
the benefit for the month of death.

**HOW DO YOU KNOW IF A SPOUSE IS ENTITLED?**

For information regarding the surviving spouse benefit, please call, toll-free, 1-800-827-1000,
as soon as possible.  Hearing impaired should call: 1-800-829-4833.

**HOW DO I RETURN VA BENEFIT PAYMENTS?**

See the back of this letter for information about returning VA benefit payments.

**WHO DO I CALL IF I HAVE QUESTIONS REGARDING THIS LETTER?**

You should contact the VA Debt Management Center by Calling toll-free, 1-800-827-0648

Chief, Operations Division

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*FOR PROPER CREDIT TO YOUR ACCOUNT, PLEASE DETACH AND RETURN WITH YOUR PAYMENT*

| | 2002231 | **PAYMENT REMITTANCE** |
|---|---|---|

⑆23448613003013101605012227 ⑆23448613 0030 13101605012227 0069980 1

| | | AMOUNT ENCLOSED | ENTER YOUR CURRENT ADDRESS BELOW ONLY IF THE ONE ABOVE IS INCORRECT. PLEASE INCLUDE YOUR ZIP CODE. |
|---|---|---|---|
| • FILE NO. ▶ | 23448613 | | |
| PAYEE NO. ▶ | 00 | $ | |
| PERSON ENTITLED ▶ | MJPEAV | YOUR TELEPHONE NO. (Include Area Code) | |
| DEDUCTION CODE ▶ | 30 | | |

• *Please include this number on your check or money order.*



**DEPARTMENT OF VETERANS AFFAIRS**
**NEW YORK HARBOR HEALTHCARE SYSTEM**

In Reply Refer To

03/03/03                    630/136D
                            RE: PEAVEY, MORRIS J
                            SSN: 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

Morris J. Peavey, Jr.
C/O Eric Peavey
12315 NW 23rd Avenue
Miami, Florida 33167

To whom it may concern,

   A search of our records showed no indication of the above individual
being in our healthcare system of records

Sincerely,

PETER J. JULIANO
Chief, Health Administration Services



**DEPARTMENT OF VETERANS AFFAIRS**
**Regional Office**
**P.O. Box 1437**
**St. Petersburg, FL 33731-1437**

August 1, 2003

**In Reply Refer To:** 317/243C
**C 23 448 613**

Morris J. Peavey, Jr.
C/O Eric Peavey
12315 NW 23rd Avenue
Miami, FL 33167

Dear Mr. Peavey:

This will acknowledge receipt of your letter dated March 20, 2003, in which you discuss documents you received as a result of your Freedom of Information request. In particular, you identified two specific requests that you believe the documentation was not provided for.

> *1. Proof that the VA actually received a notice of my death. This information was first requested in my letter dated April 8, 2001 addressed to the Department of Veterans Affairs Debt Management Center. <u>To date I have received nothing from files to show that the VA actually receive (sic) such a notice as they originally alleged.</u>"* (Underscore represents red)

There is nothing in your records that would show VA received <u>written notice</u> of your death.

> *3. Copies of information from you (sic) files showing that the USPS United States Post Office actually notified VA that I had moved and effected a change of address from 12315 NW 23rd Avenue, Miami, Florida 33167. <u>I still have not received any information related to this request.</u>"* (Underscore represents red)

There is no such notice from the United States Post Office.

In addition to the above, you stated VA did not include your letter of September 10, 2002 you sent to the Debt Management Center setting forth the reasons for your disagreement. Our failure to include this letter was an oversight on our part. We apologize for that oversight and regret any inconvenience caused. A copy of that letter is enclosed.

I would like to take this opportunity to discuss the appeal process. On December 18, 2002, we sent a Statement of the Case continuing denial of your request for waiver of repayment of the overpayment of $1,538.00. Should you wish to appeal that decision, your appeal must be

MORRIS J. PEAVEY, JR.
C 23 448 613


**received** by VA on or before **October 30, 2003**.  For your assistance, another VA Form 9, Appeal To Board Of Veterans' Appeals, is enclosed.

Please let us know if we can be of further assistance.

Sincerely yours,

*Beatrice L. Rue*

BEATRICE L. RUE
Chairperson/Hearing Officer
Committee on Waivers and Compromises

Enclosures



**DEPARTMENT OF VETERANS AFFAIRS**
**Board of Veterans' Appeals**
**Washington DC 20420**

9-21-05

In Reply Refer To:  014

Department of Veterans Affairs
Director  317
Regional Office,  ST PETERSBURG

PEAVEY, MORRIS J

SUBJ:  Referral of correspondence

☐  We are referring the enclosed correspondence for reply and any necessary action.  If applicable and the case is not in an appellate status, you should include in your reply appropriate information as to any appellate rights the claimant may have.

☐  The enclosed communication initiated by this Board was returned undelivered.  Please remail when the correct address is ascertained, with any necessary explanation.

☐  The enclosed correspondence with a copy of our reply is referred for your information and any necessary action, as the records are located in your office.

☒  We are referring the enclosed records for your information and necessary action.  They were delivered to the Board in error

☐  The enclosed correspondence is referred for your information and any necessary action, as the records are located in your office.  This appeal was docketed at the Board on _____ and will be recalled from your station for review in its proper docket order.

☐  We are returning the enclosed for any necessary action, as the records were returned on _____

Carrie M. Johnson-Clark
Director, Management and Administration

FILE
EP
EP          171
ADJ. INT.
                    PEND
                    FINAL



# COLUMBUS
# HOSPITAL

An Affiliate of the Cathedral Healthcare System

495 North 13th Street
Newark, New Jersey 07107
(973) 268-1400

December 8, 2005

Morris J. Peavey, Jr.
C/O Eric Peavey
12315 NW 23rd Ave.
Miami, FL 33167

Re: Correspondence dated November 17 & 18, 2005

Dear Mr. Peavey,

Please be advised that copies of your medical record were sent to the East
Orange Veterans Administration Medical Center on 11/11/05.

Please be advised that I will provide the hospital billing information under
separate cover.

No reports for CT of the abdomen or torso are available as of today.
Please note no orders were given for the performance of these tests.

Enclosed, please find the copy of Dr. Obaid's signed consultation report.

If you wish to draft an addendum to your medical record to dispute Dr.
Shihabuddin's findings, kindly forward it to my attention and I will place
it in your medical record, in front of the disputed report.

Correspondence for Dr. Shihabuddin may be directed to Columbus
Hospital 495 N. 13th St. Newark, NJ 07107.

Enclosed, please find copies of the EKG reports, which include your
identification information. I assume the information was cut off when the
automatic feed on the copier was used. The echocardiogram report is
complete.

CATHEDRAL HEALTHCARE SYSTEM
SAINT JAMES HOSPITAL/SAINT MARY'S LIFE CENTER/SAINT MICHAEL'S MEDICAL CENTER
COLUMBUS HOSPITAL/HOSPITAL CENTER AT ORANGE

*IN SUPPORT OF THE MISSION OF THE ARCHDIOCESE OF NEWARK*



**DEPARTMENT OF VETERANS AFFAIRS**
Veterans Health Administration
Washington DC 20420

**NOV 1  2005**

In Reply Refer To:

Mr. Morris J. Peavey, Jr.
c/o Mr. Eric Peavey
12315 N.W. 23rd Avenue
Miami, FL  33167

Dear Mr. Peavey:

Your inquiry to the Department of Veterans Affairs (VA), concerning your eligibility for health care benefits in the VA health care system, has been referred to me for reply.

Eligibility for VA health care and medications is based upon discharge from active duty military service under other than dishonorable conditions. Applicants for care are enrolled in one of eight priority categories, based on their military service, income level, and other factors, as described on the enclosed sheet.

Staff at the VA Health Eligibility Center in Atlanta informed us they have reviewed your letter and statement from the Newark VA Regional Office. As a result, they have written to notify you that your enrollment status was upgraded from Priority 5 to Priority 1, based on your combined 60% service-connected disability rating. Should you have questions at any time about your eligibility for care, you may call Mr. Stevenson Williams, enrollment coordinator at the Miami VA Medical Center, at (305) 575-3120.

Thank you for the opportunity to look into this matter. A copy of your letter was also referred to the VA Regional Office in St. Petersburg for response to your request for housing assistance and appeal for increased compensation.

Sincerely yours,

*Stephanie Marden*

C. Mark Loper, FACHE, FAHM
Chief Business Officer

Enclosure



**DEPARTMENT OF VETERANS AFFAIRS**
Medical Center
1201 Northwest 16ᵗʰ Street
Miami FL 33125-1693

In Reply Refer To:   **546/136B**

Mr. Morris J. Peavey, Jr.
C/O Eric Peavey
12315 NW 23ʳᵈ Avenue
Miami, FL 33167

Dear Mr. Peavey:

   This is in response to your letter dated November 23, 2005, in which you are seeking the VA's assistance with paying your bills.

   In your letter you mention Eleanor's Retirement Home to which you owe a debt for care provided. You also mention a hospitalization in East Orange, New Jersey.

   To address the issue of Eleanor's Retirement Home, the VA is without authority to reimburse the facility or you for care and services provided to you that were not authorized in advance by the VA. Long Term Care, services and placement must be authorized in advance for VA to assume the financial responsibility.

   Concerning your hospitalization in East Orange, New Jersey, you stated in your letter that you submitted your bills to Fee Basis within the 90 days of release from the hospital. Non-VA hospitalization is the responsibility of the nearest VA facility having jurisdiction over the area in which the care is provided. Since your care was provided in New Jersey, your bill should have been submitted to them. To assist you with this matter, we contacted the Fee Basis Department at the Department of Veterans Affairs, New Jersey Health Care System in East Orange, New Jersey, at extension (973) 676-1000 extension 2066, for a status of your claim. We were advised that they did receive a mailing from you; however, you sent them only statements and they require a bill before your claim can be processed. You may contact them at the above number for further information.

   We are sorry that a more favorable reply cannot be provided. If you have more questions concerning this matter, you may contact William L. Robinson, at (305) 575-7000, extension 4051.

Sincerely,

Stevenson Williams
Medical Administration Service

## CERTIFICATE OF SERVICE BY MAIL

I CERTIFY that the herein attached Notice and motion to enter a document material to the matter before this court was served upon the defendants:
Alberto Gonzales, US Attorney, General
C/O General Counsel Steve Mulleins
950 Pennsylvania Avenue SW
Washington, DC  20530-0001

Jim Nicholson Sec. Veterans Affairs
C/O Office of General Counsel Jim McCalim
810 Vermont Avenue NW
Washington, DC  20420

Dr. Allen Weinstein Archivist
C/O Office of General Counsel Gary M. Stern
National Achieves and Records Administration
8601 Adelphi Rd. RM  300
College Park, MD  20740

RL Hindman, Director NPRC
C/O Office of General Counsel Gary M. Stern
National Achieves and Records Administration
8601 Adelphi Rd. RM  300
College Park, MD  20740

John Snow, Secretary of Treasury
US Department of Treasury
C/O Office of General Counsel
Suite 510
740 15th Street NW
Washington, DC  20220

Julia K. Douds, Assistant US Attorney
US Attorney Office
501 3rd Street NW 4th Floor
Washington, DC  20530
BY Placing a true copy of the document with the US Post Office with the above addresses and paying proper postage for Mail certified with return receipt requested on ,November 26, 2008.
Respectfully submitted:

Morris J. Peavey, Jr.  Pro Se
12315 NW 23rd Avenue
Miami, Florida  33167
1-305-688-0759

S  900